UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Gary Edward Daniels,** ) | **CASE NO. 1:14 CV 2753** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **James C. Mahone,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Gary Edward Daniels filed this action under 42 U.S.C. § 1983 against Lorain Correctional Institution Corrections Officer James C. Mahone, Lorain Correctional Institution Warden Kimberly Clippers, and Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary C. Mohr.  In the Complaint, Plaintiff claims he was physically assaulted by Officer Mahone.  He seeks monetary relief.

### BACKGROUND

On the morning of October 16, 2014, Plaintiff was directed to go to pod 3A to escort new reception inmates to pill call.  This was his prison job, and when he was performing these duties, he was permitted to move about the prison, even when movement was restricted.  He

wore an orange safety vest to designate to prison staff that he was escorting other inmates. On the morning of the incident, he lined up eight new inmates outside of their pod, and was preparing to escort them when Officer Mahone rode up on his bicycle and told them to "hold up a second." (ECF No. 1 at 3). Plaintiff saw a construction crew preparing to enter a locked gate adjacent from the group. When the construction crew had entered the gate, Plaintiff assumed it was okay for his group to proceed to pill call and began to escort them. Officer Mahone saw the movement and terminated Plaintiff's employment on the spot. He demanded that Plaintiff hand in his vest. Plaintiff states he first threw the vest to the ground, then feeling guilty about his action, retrieved it and tossed it at Officer Mahone.

Plaintiff contends he then started to walk back to his cell. He first tried to walk in front of Mahone to enter through the front entrance but Mahone stopped him and told him to enter through the back entrance. Plaintiff contends he turned to do as he was directed. He claims Mahone ran up behind him and attempted to grab his arm. Plaintiff alleges Mahone failed to make contact with Plaintiff, lost his footing and fell backward three to five feet. He claims he continued on toward the entrance. He indicates Mahone again ran after him, and this time picked him up and forcefully slammed him to the ground on his back. Plaintiff alleges Mahone used excessive force against him in violation of the Eighth Amendment.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

As an initial matter, Plaintiff does not allege any facts to suggest how ODRC Director Gary Mohr or Warden Kimberly Clippers were involved in the incident described in the Complaint, nor does he assert any claims against them. To meet the basic pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's claims against them are, and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n,* 528 F.3d 426, 437 (6th Cir. 2008). There is

nothing in the Complaint to suggest why Mohr or Clippers is a party to this case.

It is possible Plaintiff named them as Defendants because they have supervisory authority over Officer Mahone. *Respondeat superior*, however, is not a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).  A supervisor cannot be held liable based solely on his or her right to control employees, nor on the supervisor's simple awareness of employee's misconduct. *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421.  Instead, Plaintiff must establish that the Defendants were personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  The Complaint simply contains no facts which reasonably associate Mohr or Clippers to Plaintiff's excessive force claim.  Mohr and Clippers are dismissed from this action.

The only claim identified in the Complaint is asserted against Officer Mahone for use of excessive force under the Eighth Amendment.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts

which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

Plaintiff first must satisfy the objective component by alleging sufficient facts to show that a serious deprivation of a basic human need has occurred. Because routine discomfort is "part of the penalty that criminal offenders pay for their offenses against society," *Rhodes*, 452 U.S. at 347, "only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Wilson*, 501 U.S. at 298. In the context of excessive force, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. *See Whitley*, 475 U.S. at 327. This is true whether or not significant injury is evident. *Id*.

That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's

-5-

constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes *de minimis* uses of physical force as constitutional violations, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'" *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The standard to apply when prison officials are accused of using excessive physical force in violation of the Eighth Amendment is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 10-11.

In this case, Plaintiff alleges an altercation took place between him and Mahone. He contends Mahone fired him from his prison job in front of the new inmates. He tossed his vest on the ground and then picked it up and tossed it at Mahone. Plaintiff claims he attempted to leave the way Mahone instructed. Mahone went after him, attempted to grab his arm, and fell. Plaintiff did not stop. Mahone got up and ran after him. Plaintiff alleges that when Mahone caught up to him, Mahone picked him up and slammed him to the ground. At the pleading stage, Plaintiff need only allege sufficient facts to suggest he has a plausible claim against Mahone for use of excessive force. Whether Mahone acted to restore discipline or whether he acted maliciously to cause harm to Plaintiff is a question of fact. Plaintiff, however, has alleged sufficient facts to state a claim for use of excessive force that is plausible on its face. This action shall proceed solely against Mahone on Plaintiff's use of excessive force claim.

**CONCLUSION**

Accordingly, Plaintiff's claims against Gary Mohr and Kimberly Clippers are dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This action shall proceed solely on

Plaintiff's claim for use of excessive force against James Mahone.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon Mahone**.**

    IT IS SO ORDERED.


                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 6/8/15